IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTIN FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV288 |
| | ) | |
| v. | ) | |
| | ) | |
| EXPERIAN, EQUIFAX, | ) | MEMORANDUM AND ORDER |
| TRANSUNION and FOR PROFIT | ) | |
| COMPANIES, all for profit | ) | |
| companies that furnishes | ) | |
| background reports on a fee | ) | |
| basis, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on July 30, 2010 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed her complaint against three corporate defendants, Experian, Equifax, and Transunion, and one group of defendants identified by plaintiff as "All for profit companies that furnishes [sic] background check reports on a fee basis." (Filing No. 1 at CM/ECF p. 1.) Plaintiff attaches an eight-page list of company names which presumably comprise this defendant. (*Id.* at CM/ECF pp. 9-16.)

Plaintiff alleges that she underwent "gender reassignment surgery" in early 2000. (*Id.* at CM/ECF p. 2.) After that time, she "had trouble finding employment" despite her training, her "clean employment records" and her lack of "any criminal background." (*Id.*) Plaintiff conducted research and determined that her "male name Andreas Krieger still shows up" when potential employers or others conduct a background check. (*Id.* at CM/ECF p. 3.) Because both names show on background checks, "employers can see both names which give clues to [her] sex change." (*Id.*)

The only allegations in the complaint relating to defendants are as follows:

> All 3 credit-reporting agencies told me that they do not carry my old name Andreas Krieger in their database. However the database of many companies still release my old name and they refuse to delete my old name from their database.

(*Id.*) Plaintiff requests that the Court issue a "decree" that prohibits "any private company" from releasing plaintiff's "old male name." (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious

-2-

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

In her complaint, plaintiff alleges that her claims arise under the Constitution, laws or treaties of the United States and claims a violation of her civil rights (Filing No. 1 at CM/ECF p. 4). However, plaintiff does not name a single

-3-

federal statute or constitutional provision that defendants allegedly violated. Further, plaintiff's allegations are so vague that it is unclear regarding which defendants took which alleged actions and which of the dozens of companies listed in plaintiff's complaint actually took the actions complained of in plaintiff's complaint. Affording plaintiff's complaint the most liberal construction possible, the Court simply cannot determine the basis for plaintiff's claims against these private entities, and therefore cannot analyze whether plaintiff's claims may proceed.

Thus, on its own motion, the Court will permit plaintiff 30 days in which to amend her complaint to sufficiently allege which federal statute or constitutional provision gives rise to her claims and which defendants actually participated in this conduct. If plaintiff fails to file an amended complaint in accordance with this memorandum and order, plaintiff's complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED:

1. Plaintiff shall have until **October 22, 2010,** to amend her complaint to clearly state a claim upon which relief may be granted against defendants. If plaintiff fails to file an adequate amended complaint by that date, this matter will be

dismissed without further notice for failure to state a claim upon which relief may be granted.

    2.   In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

    3.   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 22, 2010,** and dismiss if none filed.

    4.   Plaintiff's notice of case dismissal (Filing No. 7) is granted.  Defendant Equifax is dismissed from this matter.

DATED this 24th day of September, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.