IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
KRISTIN FISCHER,               )
                               )
          Plaintiff,           )          8:10CV288
                               )
     v.                        )
                               )
EXPERIAN, EQUIFAX,             )      MEMORANDUM OPINION
TRANSUNION and FOR PROFIT      )
COMPANIES, all for profit      )
companies that furnishes       )
background reports on a fee    )
basis,                         )
                               )
          Defendants.          )
_____)
```

          This matter is before the Court on its own motion.  On

September 24, 2010, the Court conducted an initial review of

plaintiff's complaint and found that it failed to state a claim

upon which relief may be granted as to all claims asserted

(Filing No. 8).  In particular, the Court determined that:

          In her complaint, plaintiff alleges
          that her claims arise under the
          Constitution, laws or treaties of
          the United States and claims a
          violation of her civil rights
          (Filing No. 1 at CM/ECF p. 4).
          However, plaintiff does not name a
          single federal statute or
          constitutional provision that
          defendants allegedly violated.
          Further, plaintiff's allegations
          are so vague that it is unclear
          regarding which defendants took
          which alleged actions and which of
          the dozens of companies listed in
          plaintiff's complaint actually took
          the actions complained of in
          plaintiff's complaint.  Affording
          plaintiff's complaint the most

> liberal construction possible, the
> Court simply cannot determine the
> basis for plaintiff's claims
> against these private entities, and
> therefore cannot analyze whether
> plaintiff's claims may proceed.

(*Id.* at CM/ECF pp. 3-4.)   In light of these pleading

deficiencies, the Court granted plaintiff an opportunity to

amend.

In response, plaintiff filed an amended complaint on

October 21, 2010 (Filing No. 9).   The allegations of the amended

complaint are similar to that set forth in the original

complaint.   Plaintiff alleges that she had "gender reassignment

surgery" in 2000 and has had difficulty finding a job since that

time.   (*Id.* at CM/ECF pp. 1-2.)   Plaintiff further alleges that

her "right of personal freedom to pursue happiness . . . is

compromised if public information indirectly states that [she]

was raised as a boy with" a different name.   (*Id.* at CM/ECF p.

6.)   In support of her claims, plaintiff cites two federal

statutes, 15 U.S.C. § 1681a and 42 U.S.C. § 2000e-2.   (*Id.* at

CM/ECF pp. 5-7.)   Plaintiff alleges that some of the defendants

violated 15 U.S.C. § 1681a because, by reporting her previous

male name, a person could possibly "guess [her] transgender

status."   (*Id.* at CM/ECF p. 5.)   However, plaintiff does not

allege that any defendant actually provided or reported any

medical information or any other facts supporting a cause of

action (if one exists) under 15 U.S.C. § 1681a.   In addition,

-2-

although plaintiff cites to 42 U.S.C. § 2000e-2, an employment discrimination statute, she alleges only that her "employment opportunities are limited" because of her previous male name. (*Id.* at CM/ECF p. 7.)  However, plaintiff does not allege that any of the defendants in this matter refused to hire her or otherwise discriminated against her in violation of this statute.

In short, plaintiff alleges that defendants accurately reported her previous name in public records.  Such allegations do not support a claim under any federal statute.  Thus, even after amendment, plaintiff has failed to state a claim upon which relief may be granted.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that, regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim).  For these reasons, and the reasons set forth in the Court's September 24, 2010, memorandum and order, this matter will be dismissed

without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of January, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court